IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01940-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONI K. D'ANDREA,
HOWARD MITCHELL GILBERT, and
PUBLIC SERVICE CREDIT UNION,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe filed on August 31, 2010 [Docket No. 73]. Magistrate Judge Watanabe recommends that the Court deny the motions for summary judgment filed by defendants [Docket Nos. 31, 33, 42] and grant the plaintiff's motion for summary judgment [Docket No. 58]. On September 14, 2010, defendants Howard Mitchell Gilbert and Public Service Credit Union filed timely objections [Docket Nos. 74, 75].[1] The Court, therefore, reviews the pending motions *de novo*. *See* Fed. R. Civ. P. 72(b)(3).[2]

---

[1] The United States filed replies to defendants' objections on September 24, 2010 [Docket Nos. 76, 77].

[2] Defendant Joni K. D'Andrea, who appears in this case pro se, essentially adopted the positions asserted by defendant Gilbert in her motion for summary judgment. *See* Docket No. 42. Therefore, the Court's *de novo* review applies equally to her motion for summary judgment.

On August 30, 1995, Monty L. Cook, a non-party, purchased real property (the "property") in Parker, Colorado by a Warranty Deed. On April 15, 2002 and August 12, 2002, the Department of Treasury assessed Mr. Cook for unpaid federal income tax, penalties, and other statutory additions for tax years 2000 and 2001. The total due as of June 30, 2010 was $61,379.77. The United States recorded a Notice of Federal Tax Liens ("NFTLs") on December 18, 2003 pursuant to 26 U.S.C. § 6323, which reflected the tax assessments of April and August 2002.

Cook conveyed his interest in the property on April 8, 2003 by quitclaim deed to himself and defendant D'Andrea as joint tenants.[3] The deed indicated that consideration for that transaction consisted of "ten dollars and other valuable consideration." Docket No. 51-4 at 2. Two days later, Mr. Cook and Ms. D'Andrea granted M&T Mortgage, where Ms. D'Andrea was employed, a Deed of Trust to secure a loan of over $245,000. Part of that loan was used to pay off debt that had previously attached to the property. Furthermore, Mr. Cook and Ms. D'Andrea also received $81,069 in cash to put toward purchasing another piece of real property. None of the loan proceeds were used to pay the outstanding federal income tax liens on the property.

Mr. Cook died on February 6, 2004, leaving Ms. D'Andrea as the sole owner of the property. Ms. D'Andrea entered into a contract to sell the property to defendant Gilbert. The title search conducted at the time revealed the NFTLs, but they were not included in the title abstract as the title company believed they were no longer effective.

---

[3] He recorded that conveyance on April 21, 2003.

Mr. Gilbert represents that he had no knowledge of the tax liens when, on July 30, 2004, Ms. D'Andrea conveyed him the property by Warranty Deed in a short sale. On August 29, 2008, Mr. Gilbert granted a Deed of Trust to defendant Public Service Credit Union ("PSCU") to secure a loan of $224,000.

The United States claims the right to enforce a tax lien against defendant D'Andrea personally. Furthermore, the United States contends it has an enforceable lien on the property purchased by defendant Gilbert and seeks to force a sale of the property. Defendants argue that the federal tax lien, to the extent it ever attached, was limited to property owned by the delinquent taxpayer Marty Cook and that the lien was extinguished at the time of his death. Furthermore, to the extent D'Andrea took property subject to the lien, defendants Gilbert and PSCU argue that their interests are not subject to the lien.

In their response to the plaintiff's motion for summary judgment and in their objections to the Recommendation, defendants argue that the federal tax lien did not attach until it was recorded in December of 2003. First, the Court fails to see how, even if true, that would aid defendants Gilbert and PSCU, who undoubtedly took their interests after December 2003. Furthermore, it is not true. A federal tax lien attaches at the time of assessment. Section 6321 of Title 26 of the United States Code provides that

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Moreover, "[u]nless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Defendants cite no authority allowing the Court to ignore this federal statute.

With that said, the federal statutory scheme does provide that the "lien imposed by section 6321 shall not be valid as against any purchaser . . . until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a). The Court agrees with the Recommendation that Ms. D'Andrea does not enjoy the protection of this exception. To be considered a "purchaser," she must have acquired the property in exchange "for adequate and full consideration." 26 U.S.C. § 6323(h)(6). In response to plaintiff's motion for summary judgment, Ms. D'Andrea asserts that she did provide such consideration. For the reasons provided in the Recommendation, the Court finds there is no genuine dispute of material fact on that issue. Moreover, even assuming the existence of consideration, Ms. D'Andrea's assertions focus almost entirely on whether she provided *any* consideration and fail to provide a basis to conclude such consideration was "adequate and full."

Nor are Mr. Gilbert and PSCU covered by the § 6323 exception. They do not contend that the United States failed to comply with the filing requirements of 26 U.S.C. § 6323(f) before they acquired their respective interests in the property. Instead, defendants argue that they are protected by various provisions of Colorado law. While state law may define the nature of their property interests, federal law "'attaches consequences, federally defined, to rights created under state law.'" *United States v.*

4

*Craft*, 535 U.S. 274, 278 (2002) (citation omitted).  In this case, defendants have property interests of a sort that can be subject to federal tax liens and, pursuant to federal law as described above, their interests are subject to the specific tax liens at issue in this case.

Therefore, the only remaining question is whether the Court should authorize a forced sale of the property.  Section 7403 of Title 26 of the United States Code provides that the "court . . . in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  26 U.S.C. § 7403(c).  The Supreme Court has outlined certain factors courts should consider when determining whether to authorize a sale of property held by someone other than the delinquent taxpayer.  *See United States v. Rodgers*, 461 U.S. 677, 691-94 (1983).  The factors include

> (1) the extent to which the Government's financial interests would be prejudiced if it were limited to a forced sale of the partial interest of the party actually liable for the delinquent taxes; (2) whether the third party with the nonliable separate interest would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the likely prejudice to the third party; and (4) the relative character and value of the liable and nonliable interest in the property.

*United States v. Pottorf*, 898 F. Supp. 792, 796 (D. Kan. 1995) (citing *Rodgers*, 461 U.S. at 710-11).  This list should not be applied as a "'mechanical checklist' to the exclusion of common sense and consideration of special circumstances."  *Rodgers*, 461 U.S. at 711.  Moreover, the discretion afforded to the Court is "limited" and "should

be exercised rigorously and sparingly." *Id.* The Court must remain ever cognizant of "the Government's paramount interest in prompt and certain collection of delinquent taxes." *Id.*

The Court shares Magistrate Judge Watanabe's view that this case does not fit within the limited range of circumstances which would justify denying the remedy afforded by § 7403. Magistrate Judge Watanabe relied, in part, on the fact that Mr. Gilbert will be entitled to sale proceeds in excess of the tax due. The Court adds that Mr. Gilbert may be entitled to compensation under the warranties in the deed or by virtue of the title insurance coverage. Furthermore, the record indicates that Mr. Gilbert rents the property and, therefore, will not be evicted from his home upon completion of the forced sale. *See Rodgers*, 461 U.S. at 704 (recognizing that "financial compensation may not always be a completely adequate substitute for a roof over one's head").[4]

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 73] is ACCEPTED. It is further

**ORDERED** that defendant Howard Mitchell Gilbert's motion for summary judgment [Docket No. 31] is DENIED. It is further

---

[4] Contrary to the defendants' argument, this case does not present the circumstance where an interest in the property not subject to the lien predominates over the encumbered interest. Mr. Gilbert took an undivided interest in the property subject to the federal tax lien. While Mr. Gilbert is not "liable" for the taxes, his interest is not "separate." Therefore, a forced sale of the encumbered interest unavoidably results in the sale of his interest. In any event and in the exercise of the discretion outlined in *Rodgers*, the Court concludes that a sale should be authorized so as to permit collection of the unpaid tax assessments.

**ORDERED** that defendant Public Service Credit Union's motion for summary judgment [Docket No. 33] is DENIED.  It is further

**ORDERED** that defendant Joni K. D'Andrea's motion for summary judgment [Docket No. 42] is DENIED.  It is further

**ORDERED** that plaintiff United States of America's motion for summary judgment [Docket No. 58] is GRANTED.  It is further

**ORDERED** that plaintiff United States of America's objection [Docket No. 43] to the United States Magistrate Judge's February 19, 2010 Minute Order [Docket No. 40] is DENIED as moot.

DATED September 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge