IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01940-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONI K. D'ANDREA,
HOWARD MITCHELL GILBERT, and
PUBLIC SERVICE CREDIT UNION,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on the United States' Motion to Correct Omission in Judgment [Docket No. 85]. The United States seeks a revision of the Court's Judgment [Docket No. 79] that would permit enforcement of that judgment. Defendants have not filed a response.

    On June 18, 2010, the United States filed a motion for summary judgment [Docket No. 58] on its claim to foreclose federal tax liens and for entry of a money judgment against defendant Joni D'Andrea. In its claim for a money judgment, it sought to recover "the amount of the federal tax liabilities of [non-party] Monty L. Cook plus interest" or "the amount of the value of the transfer from Cook to D'Andrea in April 2003, whichever is less." Docket No. 58 at 2.

    On September 27, 2010, the Court issued an order [Docket No. 78] granting the United States' motion for summary judgment. However, the Court did not specifically

state the dollar amount awarded to the United States. Docket No. 78 at 6-7. On September 29, 2010, judgment [Docket No. 79] entered against defendants, again without stating the specific dollar amount to which the United States was entitled.

In its Rule 60(a) motion, the United States explains that it has been unable to obtain an abstract of judgment because the judgment does not set forth a specific dollar amount. Docket No. 85 at 2; Docket No. 85-1 at 1, ¶ 3. The United States therefore requests that the Court modify its judgment by specifying the dollar amount so that the United States can enforce the judgment. Docket No. 85 at 2.

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors." *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980). While "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record," it is not a means for a court to alter something it has "deliberately done." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). "A correction under Rule 60(a) should require no additional proof." *Id*. Thus, where "the amount of damages is readily ascertainable and undisputed," the "omission of the specific amount from the judgment may . . . be viewed as a clerical error correctable under" Rule 60(a). *Semtner v. Gp. Health Serv. of Okla., Inc.*, 129 F.3d 1390, 1392 (10th Cir. 1997).

It is apparent from the Court's order that it intended to award judgment to the

United States in the amount requested in the United States' motion for summary judgment, namely, "in the amount of the federal tax liabilities of Monty L. Cook plus interest, or in the amount of the value of the transfer from Cook to D'Andrea in April 2003, whichever is less."  Docket No. 78 at 6-7 (granting the United States' motion for summary judgment without qualification); *see also* Docket No. 58 at 2.  Indeed, it would be unreasonable to assume that the Court granted the United States' motion for summary judgment in full but deliberately drafted its order to prevent enforcement of the judgment awarded.  *See McNickle*, 888 F.2d at 682.

Moreover, there is no dispute that, as of June 30, 2010, Mr. Cook's federal income tax liabilities were $61,379.77.  *See* Docket No. 59 at 4, ¶ 9; Docket No. 59-1 at 2, ¶ 3; Docket No. 59-1 at 4-5; Docket No. 62 at 5, ¶ 9; *see generally*, Docket No. 63.  Although the Court did not specifically state "the value of the transfer from Cook to D'Andrea in April 2003," *see* Docket No. 78, it is evident that the value of the transfer exceeded the amount of the tax lien considerably.  In March 2003, the property was appraised at $285,000, Docket No. 60-10 at 3, and in April 2003, Mr. Cook and Ms. D'Andrea refinanced the property for $245,883.  Docket No. 60-10 at 11.  No additional proof is required to show that Mr. Cook's tax liability is the lesser of the two amounts. *See McNickle*, 888 F.2d at 682.  Since "the amount of damages is readily ascertainable and undisputed," the Court's omission of a specific dollar amount was a clerical error amenable to correction under Rule 60(a).  *Semtner*, 129 F.3d at 1392.

Accordingly, it is

**ORDERED** that the United States' Motion to Correct Omission in Judgment

[Docket No. 85] is GRANTED.  It is further

**ORDERED** that an amended judgment shall enter in favor of the United States and against defendant Joni D'Andrea in the amount of $61,379.77, plus interest.

DATED March 19, 2013.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge